# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| The Baptist Home of Philadelphia d/b/a | ) |
| Deer Meadows Retirement Community, | ) Case No. 14-13305 (ELF) |
| | ) |
| Debtor. | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| The Baptist Home Foundation, | ) Case No. 14-13306 (MDC) |
| | ) |
| Debtor. | ) |

## DEBTORS' MOTION FOR AN ORDER DIRECTING
## JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The Baptist Home of Philadelphia d/b/a Deer Meadows Retirement Community (the "Home") and The Baptist Home Foundation (the "Foundation" and together with the Home, the "Debtors") file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto, directing joint administration of their related Chapter 11 cases. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases (the "Chapter 11 Cases") and, as of the date of the filing of this Motion, no official committees have been appointed or designated.

5. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in the *Declaration of Lisa Sofia in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed on April 25, 2014 and incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order directing joint administration of these Chapter 11 Cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for the jointly-administered cases under the case of the Home and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | Chapter 11 |
| The Baptist Home of Philadelphia d/b/a Deer Meadows Retirement Community, *et al.*[1], | Case No. 14-13305 (ELF) |
| Debtors. | Jointly Administered |

7. The Debtors propose that the following statement be made in a footnote to the caption, as shown above: "The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The Baptist Home of Philadelphia d/b/a Deer Meadows Retirement Community (4330) and The Baptist Home Foundation (7309)."

8. The Debtors also request that a docket entry, substantially similar to the following, be entered on the case dockets to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 cases of The Baptist Home of Philadelphia d/b/a Deer Meadows Retirement Community and The Baptist Home Foundation. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 14-13305 (ELF).

**BASIS FOR RELIEF**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The Baptist Home of Philadelphia d/b/a Deer Meadows Retirement Community (4330) and The Baptist Home Foundation (7309).

3

10. While not technically "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, the Foundation's purpose is to conduct and develop fundraising, endowment, asset management and related activities on behalf of the Home and affiliated entities. In addition, and as described in greater detail in the First Day Declaration, the Home and the Foundation are co-obligors with respect to the Debtors' bond debt, which is a matter of critical importance in these Chapter 11 Cases.

11. Section 105(a) of the Bankruptcy Code provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these Chapter 11 Cases will jointly affect each Debtor. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these cases by avoiding the duplication of efforts associated with, for example, filing multiple duplicative documents in the Debtors' various individual cases, monitoring each of the Debtors' individual dockets and maintaining individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of parties in interest to monitor these cases will be facilitated by having all pleadings grouped together on one docket. Joint administration also will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee for the Eastern District of Pennsylvania will be simplified.

13. The joint administration of these Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors, if any, will be preserved and the Debtors will maintain separate records of assets and liabilities. Thus, individual creditors' rights will not be harmed by the relief requested; rather, the constituents will benefit from the cost reductions associated with the joint administration of these cases.

14. Based on the foregoing, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their creditors and all other parties in interest.

15. For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases.

## **NOTICE**

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known, by facsimile, e-mail, overnight courier, and/or hand delivery: (i) the office of the United States Trustee; (ii) the required parties identified in Local Bankruptcy Rule 1002-2(d); (iii) all known parties asserting liens on the Debtors' assets; (iv) counsel to U.S. Bank National Association, as bond trustee; and (v) the twenty (20) largest unsecured creditors for each of the Debtors. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, (a) authorizing the joint administration of these Chapter 11 Cases and (b) granting such other and further relief as is just and proper.

Dated:  April 25, 2014                                COZEN O'CONNOR

/s/ John T. Carroll, III
John T. Carroll, III
Eric L. Scherling
1900 Market Street
Philadelphia, PA 19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013
jcarroll@cozen.com
escherling@cozen.com

*Proposed Counsel for Debtors and Debtors-in-Possession*